1  Sean J. Richson-Bey
2  Post Office Box 8800
3  Corcoran, California Republic 93212
4  CDCR No. T18961
5  In Propria Persona

FILED
Apr 18, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Sean J. Richson-Bey,
       Plaintiff,

   v.

Celia Bell, John Doe, John Doe, John Doe, Jane Doe, Jane Doe,
       Defendants.

1:22-cv-00447-BAM(PC)

Civil Rights Action
42 U.S.C. §1983

## I. JURISDICTION

1. This is a civil action pursuant to 42 U.S.C. §1983 to redress the deprivation of rights under color of state law secured by the Constitution for the United States of America Republic (North America). The Court has jurisdiction under 28 U.S.C. §§1331 & 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§2201 & 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

## 2. VENUE

2. The Eastern District is an appropriate venue under 28 U.S.C. §1391

1

1. (b)(2) as it is where events giving rise to this claim occurred.

### 3. PARTIES

3. Plaintiff, Sean J. Richson-Bey, Natural Person, Human, Flesh and Blood Being, Moorish-American National, Indigenous, Aboriginal to the Americas, In Propria Persona, Sui Juris, Reserving All My Rights; prisoner at California State Prison-Corcoran.

4. Defendant, Celia Bell, is Chief Executive/Medical Officer of California Correctional Health Care Services (CCHCS) at California State Prison-Corcoran.

5. Defendant, John Doe, is a nurse employed by California Correctional Health Care Services at California State Prison-Corcoran.

6. Defendant, John Doe, is a nurse employed by California Correctional Health Care Services at California State Prison-Corcoran.

7. Defendant, John Doe, is a nurse employed by California Correctional Health Care Services at California State Prison-Corcoran.

8. Defendant, Jane Doe, is a nurse employed by California Correctional Health Care Services at California State Prison-Corcoran.

9. Defendant, Jane Doe, is a nurse employed by California Correctional Health Care Services at California State Prison-Corcoran.

### 4. STATEMENT OF FACTS

10. On November 9, 2021 I attended turn around appointment at Bakersfield Golden Eye Center for follow-up eye specialist care after preliminary diagnostic disclosed two cornia abrasions to right eye where specialist discovered retinal tears in both eyes. On November 14, 2021 I was approached at cell front by Security & Escort Officer Chacon inquiring if I would undergo covid-19 testing, to which I negatively replied. Soon after her departure I was approached by 3C01 Floor Officer Wright indicating per communication from (CCHCS)

2

1. Covid-19 Command Center (unidentified) personnel I was to be quarantined for twenty-one days, commencing immediately, for failing to test notwithstanding failure to provide notice of cause for testing, adherence to covid-19 guidelines/protocol, or administering agent(s) to engage with me directly. Upon information and belief nursing staff filed refusal form qualifying me for quarantine that I had purportedly refused to sign.

11. December 14, 2021 I attended follow-up care at Golden Eye Center, turn around appointment. On December 17, 2021 I was approached by nurse accompanied by 3col Floor Officer inquiring if I would test. I requested notice of cause to which unidentified nurse claimed not to know. I refused. Shortly after departure I was summarily quarantined, reportedly per (CCHCS) personnel for refusing testing, for twenty-one commencing immediately. Upon information and belief nursing staff filed refusal form qualifying me for quarantine that I had purportedly refused to sign.

12. On February 22, 2022 I attended Golden Eye Center, turn around appointment, and received laser treatment to repair torn retina in right eye. On February 27, 2022 I was approached at cell front by unidentified nurse accompanied by 301 Floor Officer (Wright inquiring if I would covid-19 test. I requested cause to which nurse claimed not to know. I requested refusal form to note my consent to test under protest due to previous encounters resulting in quarantine. Nurse retired purportedly to determine cause of testing and returned without form claiming, falsely, to have discovered cause for testing was an impending court date thereby gaining my consent without fur-

ther protest. Plaintiff discovered via 3C01 Floor Officer Wright, et al., and Correctional Counselor (CCI) Patterson there was no such date pending.

13. On March 15, 2022 I attended turn around appointment at Golden Eye Center for follow-up care. On March 20, 2022 I was approached at cell front by unidentified nurse accompanied by Security & Escort Officer Ibarra inquiring if I would covid-19 test. I requested cause and informed due to aforesaid appointment. I requested refusal form to document consent under protest prior to compliance.

14. On March 21, 2022 I was approached by unidentified nursing staff inquiring if I would covid-19 test. I requested refusal form whereby I documented events recounted in paragraph 13 after learning cause for testing was same and thereafter refusing consent.

15. On September 20, 2021, November 4, 2021, November 7, 2021, and occasions not forementioned, I notified California Correctional Health Care Service/Administrative authorities via Inmate Request for Interview, Health Care Services Request, and Public Declaration of Exemption From Unlawful Demand for Medical Tests, Screenings, Vaccinations and Immunizations conflicting with religious belief, exercise, practice and liberties as Moorish-American Moslem/National. On November 14, 2021, December 17, 2021, February 28/March 1, 2022, and March 20, 2022 via administrative Health Care grievances I notified CCHCS administrative authorities of abuses and violations of my right to medical care who have heretofore been non-responsive, Celia Bell being Chief Executive/Medical Officer of CCHCS; along with violation(s) of my

4

religious beliefs and practice(s) as Moorish-American Moslem.

## 5. CLAIM(S) FOR RELIEF

16. Plaintiff realleges and incorporates by reference paragraphs 1 through 15.

17. Celia Bell's nonresponse/inaction to complaints filed constituted deliberate indifference to Plaintiff's right to medical care under the Eighth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub. L. 857).

18. Celia Bell's nonresponse/inaction to complaints filed constituted deliberate indifference to Plaintiff's to religious practice under the First Amendment to the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub. L. 857).

19. John Doe's quarantine of Plaintiff for failing/refusing Covid-19 testing constituted a violation of right to medical care under Eighth Amendment of Constitution for United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub. L. 857). (Note: Unlawful demand for testing)(10-14-21)

20. John Doe's quarantine of Plaintiff for refusing unlawful demand for testing constituted violation of religious belief and practice under the First Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub. L. 857). (10-14-21)

21. John Doe's quarantine of Plaintiff 12-17-21 for refusing unlawful demand for covid-19 testing constituted violation of right to medical care under the Eighth Amendment of the Constitutions for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

22. John Doe's quarantine of Plaintiff 12-17-21 for refusing unlawful demand for covid-19 testing constituted violation of religious belief and practice under First Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

23. Jane Doe's procurement 2-27-22 from plaintiff of covid-19 testing sample by fraud constituted a violation of right to medical care under Eighth Amendment of Constitution for United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

24. Jane Doe's procurement 2-27-22 from Plaintiff of covid-19 testing sample by fraud constituted violation of religious belief and practice under First Amendment of Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

25. Jane Doe's procurement 2-27-22 from Plaintiff of covid-19 testing sample by fraud constituted unlawful search and seizure under Fourth Amendment of Constitution for the United States of America Republic (North America) and the 1836

United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

26. Jane Doe's procurement 2-27-22 from Plaintiff of Covid-19 testing sample by fraud constituted violation of Due Process under Fifth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

27. Jane Doe's procurement 3-20-22 from Plaintiff of Covid-19 testing sample under protest constituted violation of right to medical care under Eighth Amendment of Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

28. Jane Doe's procurement 3-20-22 from Plaintiff of Covid-19 testing sample under protest constituted violation of religious belief and practice under First Amendment of Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

29. Jane Doe's procurement 3-20-22 from Plaintiff of Covid-19 testing sample under protest constituted unlawful search and seizure under Fourth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

30. Jane Doe's procurement 3-20-22 from Plaintiff of Covid-19 testing sample under protest upon unlawful demand consti-

tuted violation of Due Process under the Fifth Amendment of the Constitution For the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. Pub.L.857).

31. John Doe's quarantine 11-14-21 without notice for refusing unlawful demand for testing constituted violation of Plaintiff's right to due process under the Fifth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L.857).

32. Celia Bell's non-response/inaction to complaints filed constituted deliberate indifference to Plaintiff's Due Process right(s) under the Fifth Amendment to the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L.857).

### 6. PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully prays this court enter, against each Defendant in their official and individual capacities, granting Plaintiff:

33. A declaration that acts and omissions described herein violated Plaintiff's religious rights as a Moorish-American Moslem and does not serve a compelling Governmental interest;

34. Injunctive relief terminating practice of unlawful demand for testing;

35. Compensatory damages in amount of Two Million and Five Hundred Thousand dollars against each defendant, jointly and severally;

36. Punitive damages in amount of Two Million and Five Hundred Thousand dollars against each defendant, jointly and severally;

37. A declaration of the rights of the Plaintiff;

38. A jury trial on all issues triable by jury;

39. Plaintiff's costs in this suit;

40. Any additional relief this court deems just, proper, and equitable.

I declare under the penalty of perjury under the laws of the United States of America Republic (North America) that the foregoing is true and correct.

Executed on this 10th day of April, 2022, at California State Prison-Corcoran.

BY: [signature]
Sean J. Richson-Bey
In Propria Persona