Sean J. Richson-Bey
Post Office Box 8800
Corcoran, California Republic 93212
CDCR No. T18961
In Propria Persona

FILED
JUN 13 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

RECEIVED
JUN 13 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Sean J. Richson-Bey,
    Plaintiff,

v.

Celia Bell, John Doe, Jane Doe,
    Defendant(s).

No. 1:22-CV-00447-BAM(PC)

CIVIL RIGHTS ACTION

42 U.S.C. §1983

Amended Complaint

## I. JURISDICTION

1. This is a civil action pursuant to 42 U.S.C. §1983 to redress the deprivation of rights under color of State law protected by the Constitution for the United States Republic, North America, and laws thereof. The United States District Court has jurisdiction pursuant to 28 U.S.C. §§1331 & 1343(a)(3). Plaintiff seeks declaratory relief at the Court's discretion pursuant to 28 U.S.C. §§2201 & 2202 and injunctive relief per 28 U.S.C. §§2283 & 2284.

## 2. VENUE

2. The Eastern District is an appropriate venue under 28 U.S.C. §1391(b)(2) as it is where events giving rise to claim(s) occurred.

## 3. Plaintiff

1

3. Plaintiff Sean J. Richson-Bey, Human, Sentient, Flesh and Blood Being, Natural Person, Aboriginal, Indigenous to the America's, Moorish-American National, Free White Person, In Full Life, In Propria Persona, Sui Juris, Reserving All Rights. Plaintiff is confined at California State Prison-Corcoran where fact(s) constituting complaint occurred. Plaintiff repudiates any, and All, Fictitious, Ens Legis, Corporate, Straw-man, Chattel, or Fourteenth Amendment, presumptive adhesion(s), in toto. See Scott v. Sanford (No Person of African Descent could ever be a citizen of the United States) 60 U.S. 39, 406 (1857).

### 4. DEFENDANT(S)

4. Defendant Celia Bell is Chief Executive/Medical Officer of the California Correctional Health Care Services at California State Prison-Corcoran.

5. Defendant John Doe is an unidentified male nurse employed by the California Correctional Health Care Services at California State Prison-Corcoran.

6. Defendant Jane Doe is an unidentified female nurse employed by the California Correctional Health Care Services at California State Prison-Corcoran.

### 5. STATEMENT OF FACT(S)

7. The California Correctional Health Care Services at California State Prison-Corcoran administers an express policy and protocols commensurate with guidance and recommendations for quarantines set forth by the Centers for Disease Control and Prevention,"Interim Guidance on Management of Coronavirus Disease in Correctional and Detention Facilities," mandating testing for

prisoner's exposed, symptomatic, transferred between custody, off-site in excess of twenty-four hours, or exigent/emergency circumstances. Medical staff generate a pre-fabricated list of names for testing based on qualifying criteria and are responsible for furnishing notice for test, prepare and file notice of care provided, or refused, verified by patient, and justification for determination of further action, i.e., isolation, quarantine, etc., if necessary. Under Celia Bell the (CCHCS) administers an unexpressed policy, discriminately applied toward prisoner's administrator's consider vexatious, providing urgent care contingent upon unlawful demands for testing, subjecting prisoner's who test positive to 14 days quarantine, those uncooperative, 21 days, punitively, notwithstanding the (CDC'S) recommendation of 10 days, recently less. Plaintiff routinely refused random requests for testing with impunity. Prisoner(s) attending comparable appointment(s) at Golden Eye Care Center were not similarly subject to requests for testing and quarantine for refusal or infraction was remedied upon notification. Notwithstanding notice, Plaintiff has been, and will continued to be, subjected violation(s) of Rights, Moslem Faith, and Natural Person. The following paragraph(s) of Fact(s) are hereby incorporated by reference.

8. On November 9, 2021, Plaintiff attended turn around appointment at Bakersfield Golden Eye Care Center for follow-up care after a preliminary diagnostic discovered corneal abrasion both eyes. On November 14, 2021, Plaintiff was approached at cell front by Security & Escort Officer Chacon inquiring if Plaintiff wanted to take a Covid test. Plaintiff refused. Soon after her departure from the Housing Unit with John Doe, male nurse, in tow, Plaintiff was approached by 3co1 Floor Officer Wright indicating per communication with unidentified

(CCHCS) COVID-19 Command Center personnel. Plaintiff was to be quarantined 21 days, commencing immediately, for refusing test, notwithstanding nursing staff's failure to comport with express protocol and custody staff's incompetence of medical affairs. Plaintiff was quarantined 15 days; i.e., confined to General Population cell, except for shower, no yard, dayroom, phone calls, law library, etc., while General Population inmate program was unaffected.

9. On December 14, 2021, Plaintiff attended follow-up care at Golden Eye Care Center, turn around appointment. On December 17, 2021, Plaintiff was approached by John Doe, male nurse, accompanied by 3C01 Floor Officer, inquiring if Plaintiff would test. Plaintiff requested notice of cause, to which John Doe claimed not to know and departed after Plaintiff then refused. Shortly thereafter, Plaintiff was quarantined for 21 days; i.e., confined to General Population cell, except for shower, no yard, dayroom, phone calls, etc., while General Population inmate program was unaffected; for refusing test, reportedly per (CCHCS).

10. On February 22, 2022, Plaintiff attended turn around appointment at Golden Eye Care Center to repair torn retina in right eye. On February 27, 2022, Plaintiff was approached at cell front by Jane Doe, female nurse, accompanied by 3C01 Floor Officer Wright, inquiring if Plaintiff would Covid test. Plaintiff requested cause, Jane Doe claimed not to know. Under threat, duress and coercion due to previous encounters with nursing staff, paragraphs 8 and 9 are hereby incorporated by reference, Plaintiff demanded Notice of care form to document consent to test under protest. Jane

1  Doe retired, purportedly to ascertain notice of cause
2  for request, and returned informing Plaintiff test
3  was for impending court appearance, thereby gain-
4  ing compliance without further protest. Plaintiff
5  later discovered asserted cause to be a ruse to
6  obtain sample.
7  11. On March 15, 2022, Plaintiff attended turn around appoint-
8  ment at Golden Eye Care Center for follow-up care. On
9  March 20, 2022, Plaintiff was approached at cell front by
10 Jane Doe, Female nurse, accompanied by Security & Escort
11 Officer Ibarra, inquiring if Plaintiff would Covid test.
12 Plaintiff requested cause and was informed it was due
13 to March 15th appointment. Under threat, duress, and
14 coercion due to previous encounters, paragraphs 8
15 through 10 are hereby incorporated by reference, Plaintiff
16 requested notice of care form to document consent
17 under protest prior to compliance.
18 12. On March 21, 2022, Plaintiff was approached by a second
19 unidentified female nurse request if Plaintiff would
20 test due to March 15th appointment. Plaintiff document-
21 ed refusal on notice of care form due to March 20th
22 encounter, paragraph 11 is hereby incorporated by reference.
23
24 13. Medical staff refused to identify themselves, but routinely offered
25 the name Cela Bell in response. However, accompanying custody staff
26 were equipped with Body Cameras.

6. CLAIM(S) FOR RELIEF

28 14. Plaintiff realleges and incorporates by reference paragraphs 1 through

5

13.

15. Medical treatment contingent upon unlawful demand(s) for testing violated Plaintiff's right to medical treatment under the Eighth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

16. Subjection to quarantine for refusing testing violated Plaintiff's right to refuse medical treatment under the Eighth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

17. Unlawful demand(s) for testing violated Plaintiff freedom from unreasonable searches and seizures under the Fourth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

18. Subjection to quarantine for refusing testing violated Plaintiff right to Due Process under the Fifth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

19. Unlawful demand(s) for testing violated Plaintiff's right to religious freedom under the First Amendment of the Constitution for the United States of America Republic (North America) and 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

20. Subjection to quarantine for refusing unlawful demand(s) for testing constituted cruel and unusual punishment

under the Eighth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

20. Failure to protect constituted deliberate indifference to Plaintiff's rights under the Eighth Amendment of the Constitution for the United States of America Republic (North America) and the 1836 United States-Morocco Treaty of Peace and Friendship (8 Stat. 484 & Pub.L. 857).

## 7. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays this Court enter judgement granting:

22. Injunctive relief, against each Defendant in their official capacities, terminating discriminatory practice;
23. Compensatory damages, against each Defendant in their individual capacities, in amount of Two-Million and Five Hundred Thousand dollars, jointly and severally;
24. Punitive damages, against each Defendant in their individual capacities, in amount of Two-Million and Five Hundred Thousand dollars, jointly and severally;
25. A jury trial on all issues triable by jury;
26. Plaintiff's costs in suit;
27. Any additional relief this court deems just, proper, and equitable.

I declare under penalty of perjury under the laws of the United States Republic, North America, that the foregoing is true and correct.

1  Executed on this 27th day of May, 2022, at California
2  State Prison-Corcoran.

Peace,

By: [signature]
All Rights Reserved
Sean J. Richson-Bey
In Propria Persona,
Sui Juris