UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN JEFFERY RICHSON-BEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELL,<br><br>　　　　Defendant. | No. 1:22-cv-00447-JLT-BAM (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 9) |

　　　　The assigned magistrate judge screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim upon which relief may be granted. (Doc. 9.) On July 22, 2022, Plaintiff timely filed objections to the findings and recommendations. (Doc. 10.) Subsequently, the Court received supplemental objections (Doc. 11), which have also been considered, even though they were untimely.

　　　　In his objections, primarily, Plaintiff asserts his disagreement with the magistrate judge's findings and recommendations, referencing the allegations in the first amended complaint. Plaintiff adds new factual allegations regarding his First Amendment claim, specifically alleging that "it is a violation of [his] religious beliefs, exercise, practice, and liberties to engage in any way with the process of unlawful medical tests, screenings, vaccinations, and immunizations." (Doc. 10 at 5.) Plaintiff then asserts that the actions of Defendants are "arbitrary" and "irrational"

1

as they are "inconsistent and do not comport with the policy expressly administered serving no penological interest." (*Id.*)  However, as discussed in the findings and recommendations, prisons have a legitimate, and even compelling, governmental interest in regularly testing prisoners for COVID-19 to meet their obligations to control contagion and to protect other prisoners and staff, (Doc. 9 at 10), nor does Plaintiff's conclusory assertion that implementation or application of any such testing policy was arbitrary or irrational rise to the level of deliberate indifference to a serious medical need.

Though Plaintiff contends that he should be permitted further leave to amend to include these new allegations in his complaint, the Court finds that the new allegations fail to state a cognizable claim, and therefore further leave to amend would be futile.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the findings and recommendations issued on July 8, 2022, (Doc. 9), **ADOPTED IN FULL**.

1. This action is **DISMISSED**, with prejudice, for failure to state a cognizable claim upon which relief may be granted.
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 28, 2022**

UNITED STATES DISTRICT JUDGE